IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERESA SEPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| vs. | ) |
| | ) |
| | ) |
| LIFE INSURANCE COMPANY OF | ) |
| NORTH AMERICA d/b/a CIGNA, | ) |
| | ) |
| Serve: MO Dept. of Insurance | ) |
| 301 W. High Street, Rm 530 | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) |

COMPLAINT
EMPLOYEE RETIREMENT INCOME SECURITY ACT

COMES NOW Plaintiff Theresa Sepe, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq.*, and for her cause of action against defendant Life Insurance Company of North America d/b/a Cigna, respectfully states the following:

1. Plaintiff, Theresa Sepe (hereinafter "Ms. Sepe") brings this action against Defendant Life Insurance Company of North America d/b/a Cigna (hereinafter "Cigna") for damages caused by the Defendant's breach of statutory, contractual and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3.      Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendants reside or are found in this district.

### Parties

4.      Ms. Sepe is an individual residing in St. Louis County, Missouri, 63119, in the Eastern District of Missouri. Ms. Sepe is a vested participant in a Group Insurance Policy for certain employees of Quest Diagnostics Inc. (hereinafter "Quest"), which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a), with a birth date of July 28, 1957.

5.      Defendant Cigna provides coverage for certain employees of Quest under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Cigna provides long term disability benefit (hereinafter "LTD") through insurance coverage.

6.      Cigna is an insurance company incorporated in Pennsylvania and is doing business in Missouri under a license to do business as a Foreign Insurance Company. Cigna administers and pays benefits under the terms of the LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16),

7.      Quest serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

### Count I
### Denial of Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)

8.      In May of 2015 Ms. Sepe was forced to stop working and became disabled due to symptoms related to ocular melanoma and bilateral congenital hearing loss.

9. As a result of Ms. Sepe's diagnosis and resulting disability, Ms. Sepe's treating physicians have determined that Ms. Sepe is unable to work on a full-time basis.

10. From 1976 until the time Ms. Sepe was forced to stop working, she was employed by Quest as a microbiologist.

11. As part of her employment, Ms. Sepe was an eligible employee under a plan for long term disability benefits provided by Quest for its employees.

12. On October 22, 2015, Cigna extended Ms. Sepe disability benefits finding that she met the definition of disability under the terms of the Policy.

13. Cigna paid Ms. Sepe's long term disability benefits from November 2015 through November 2017.

14. Cigna denied Ms. Sepe's benefits in November 2017 on the grounds that  Ms. Sepe did not meet the definition of disability under the language of the Plan because her disabilities did not preclude her from participating in all forms of gainful employment.

15. Ms. Sepe filed a timely appeal of Cigna's denial.

16. Included in her appeal, was a report from Ms. Sepe's primary care physician outlining the restrictions and limitations of her disabilities, principally that she could not hear or see.

17. Despite presenting objective evidence indicating that she was completely disabled and unable to perform "any occupation" as a result of her disability, Defendant denied Ms. Sepe's long term disability benefits.

18. At all relevant times, Ms. Sepe has been under the care of licensed medical doctors.

19. As a result of the wrongful denial, Ms. Sepe has been damaged in the amount of unpaid benefits.

20. Ms. Sepe has exhausted all administrative remedies available to her.

21. Defendant's denial of long-term disability benefits was arbitrary and capricious, and not based on substantial evidence, was a breach of their fiduciary duties and was the product of a conflict of interest and serious procedural irregularities.

22. Defendant is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees and costs.

WHEREFORE, Plaintiff Theresa Sepe respectfully prays for judgment against Defendant Cigna Life and Accident Insurance Company in the amount of unpaid past and future benefits, interest on past due sums, attorneys' fees and costs, and for any other such relief as the Court deems just and proper under the circumstances.

## COUNT II
### Breach Of Fiduciary Duty Pursuant To 29 U.S.C. §1132(A)(3)

23. Plaintiff incorporates and adopts by reference paragraphs 1-24 above as if fully set forth herein.

24. Ms. Sepe also brings this claim against Cigna under 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which violates ERISA or the terms of the Plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

25. In determining benefits under the Plan, Cigna, acting as a fiduciary in the administration of Ms. Sepe's claim:

    a. Failed to adequately consider the facts and circumstance regarding Ms. Sepe's claims;

    b. Failed to adequately investigate the facts supporting Ms. Sepe's Claims; and

    c. Relied on unfair, biased, and inconclusive reviews of Ms. Sepe's medical records in denying her claim for benefits.

26. Defendant Cigna has failed to provide Ms. Sepe a full and fair review of her claim.

Independent Medical Evaluation

27. On September 12, 2017, Ms. Sepe was seen by Dr. Thomas Kibby for an Independent Medical Evaluation ("IME") scheduled by and for Defendant Cigna.

28. Dr. Kibbe's IME report notes that Ms. Sepe's vision without correction is 20/200. With correction, her vision in her right eye is 20/30 and left is 20/200. She is unable to hear spoken voice, communicates by lip reading, and is only successful if the speaker speaks slowly.

29. On January 9, 2018, Dr. Roger Belcourt conducted a "Specialist Review." The work restrictions noted by Dr. Belcourt include: working at heights, climbing ladders, operating and being around heavy machinery, driving commercial vehicles, driving during the night, and activities/task requiring fine reading, bilateral gaze tracking, depth and distance perception, and any activity/task requiring the use of Ms. Sepe's hearing.

30. Dr. Belcourt concludes that based on all of those restrictions, Ms. Sepe is *only* moderately functionally limited.

31. Dr. Belcourt does not provide any explanation or basis for why his extensive restrictions and limitations for Ms. Sepe differ so dramatically from Ms. Sepe's treating physicians' conclusions as to her abilities.

Transferable Skills Analysis

32. On September 21, 2017, Cigna performed a "Transferable Skills Analysis" ("TSA") on Ms. Sepe in an attempt by Defendant Cigna to find an occupation that she is qualified for.

33. The TSA was conducted solely on the IME that Dr. Kibby performed. None of Ms. Sepe's treating physicians' restrictions, limitations or opinions were considered for the TSA.

34. Although Ms. Sepe submitted medical documentation to Defendant in a timely and appropriate manner, Defendant's denied Ms. Sepe's claim on a speculative inference that she can perform the duties of two jobs Defendant identified from a DOT description that was last updated over 40 years ago in 1977.

35. The occupations the TSA claimed Ms. Sepe was allegedly qualified for are Medical-Voucher Clerk and Repair-Order Clerk.

   a. Medical-Voucher Clerk is described by IDOT as an individual who *examines* vouchers. ONET defines the position skills to compiling data, prepare invoices, consults manuals, and answer telephone inquiries.

   b. Repair-Order Clerk is described by IDOT as an individual who receives work orders, compiles cost reports, and prepare bills. ONET defines the position skills to include reviewing documents, conferring with personnel, vendors, and customers, competing status reports, and examining documents, materials, and products.

36. The occupations the TSA listed are both clerical jobs that require communication abilities, which obviously would require hearing. The constant review of reports and other documents requires vision.

37. Similarly, both clerical positions require vision and hearing abilities that are also required in Ms. Sepe's previous position as a Medical Technologist. That position required extensive examination and review abilities. Defendant concedes that Ms. Seper is not able to complete that positions requirements based on her loss of vision and hearing.

38. Defendant failed to carefully consider Plaintiff's claim and chose to base their denial on speculation and conjecture.

39. Defendant, as fiduciaries, did not act with care, skill, prudence and diligence in performing a Transferable Skills analysis, which was relied on for an adverse benefit decision.

40. Defendant failed to carefully consider Ms. Sepe's claim and chose instead to base their termination of benefits and continued denial on speculation, a biased IME and a flawed TSA.

41.     Defendant breached their fiduciary duties, insofar as they failed to discharge their duties handling Ms. Sepe's benefits claim in a careful, skillful and diligent manner.

42.     Defendant operated under a conflict of interest due to the fact that they had a financial incentive to terminate and continue to deny Ms. Sepe's long-term disability benefits.

55.     When adjudicating Ms. Sepe's claim after she applied for disability benefits, the Defendant breached its fiduciary in that it:

>    a). refused to consider the medical evidence documenting her restrictions and limitations,
>
>    b). employed an unfair, incomplete and biased process that was designed to create evidence to support a denial of benefits and ignore evidence that supported an award of benefits.

56.     Defendant breached its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, insofar as it failed to discharge its duties with respect to the Plan solely in the interest of Ms. Sepe, a participant, and for the exclusive purpose of providing benefits to participants and to act in accordance with the documents and instruments governing the Plan.

57.     Ms. Sepe has been unjustly denied benefits and is now left with a total loss of long term disability benefits, creating such an injustice as to warrant the enforcement of benefits promised to Plaintiff by Defendant.

58.     The allegations above merit the imposition of an equitable relief under 29 U.S.C. § 1132(a)(3), including specific performance, equitable estoppel and surcharge, in order to compensate Ms. Sepe for the losses incurred by her and for the unjust enrichment Defendant has realized as a result of its wrongful denial.

WHEREFORE, Plaintiff Theresa Sepe respectfully prays for judgment against Defendant Life Insurance Company of North America granting equitable relief including payment of the amount of unpaid past and future benefits, interest on past due sums, attorney fees and costs and for any other such relief as

the Court deems just and proper under the circumstances.

                Respectfully submitted,

                **GALLAGHER DAVIS, L.L.P.**

                */s/ Adam J. Olszeski*
Matthew R. Davis, MO58205
Adam J. Olszeski, MO 66126
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorney for Plaintiff
Theresa Sepe*